PATRICK J. LUCEY Governor
You have asked for my opinion on the constitutionality of two legislative proposals. The first would provide a state guarantee of loans to young farmers patterned after a similar Minnesota law. The second would utilize the state's bonding power to provide low interest loans to young farmers.
Each proposal, if enacted into law, would violate the Wisconsin Constitution.
Under the first proposal the state would guarantee loans made by private lenders. In the case of default, the state would be assigned the lender's security and interest in the loan in exchange for payment of the loan by the state. An appropriation would be made from the general fund to a special account in the state treasury to pay lenders for defaulted loans.
Article VIII, sec. 3, of the Wisconsin Constitution provides that the credit of the state shall never be given or loaned, in aid of any individual, association or corporation.
State credit is not loaned unless the state becomes legally liable for debt. State ex rel. La Follette v. Reuter, 36 Wis.2d 96,153 N.W.2d 49 (1967). The giving or lending of the state's credit occurs when it results in the creation by the state of a legally enforceable obligation on the state's part to pay one party an obligation incurred or to be incurred in favor of that party by another party. State ex rel. Wisconsin DevelopmentAuthority v. Dammann, 228 Wis. 147, 280 N.W. 698 (1938). There is no giving or lending of the state's credit when the state does nothing but incur liability directly to the party in *Page 10 
whose favor the obligation is incurred, as in the case where the state lawfully employs someone to perform an authorized service for the state. Id. at 196, 197. In State ex rel. American Legion1941 Convention Corporation of Milwaukee v. Smith, 235 Wis. 443,461, 293 N.W. 161 (1940), the supreme court held the constitutional prohibition was violated by a state appropriation which was to be used as security for a convention corporation's performance of its obligation under a contract between the corporation and the American Legion.
Since the first proposal results in a legally enforceable obligation for the state to pay to a lender an obligation incurred in favor of the lender by a young farmer, it violates art. VIII, sec. 3 of the Wisconsin Constitution.
As to the second proposal, art. VIII, sec. 7, paragraphs (1) and (2)(a) of the Wisconsin Constitution set forth the limited purposes for which the state may contract public debt. Nothing therein provides authority for the state to borrow money to make funds available for low interest loans to young farmers. A recent constitutional amendment has enabled the state to make funds available for veterans' housing loans, but not for the type of loans contemplated by the second proposal.
BCL:APH